UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS T. REUM, SR., <br><br> Plaintiff, <br> v. <br> STATE OF WASHINGTON et al., <br><br> Defendants. | CASE NO. 3:23-cv-05074-DGE <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) |

Presently before the Court[1] is Plaintiff Marcus T. Reum, Sr.'s "EMERGENCY PROPOSED TEMPORARY CUSTODY ORDER in an in rem equity, mandatory counterclaim proceeding", (Dkt. No. 1), which is supported by Plaintiff's AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT AND PROPOSED TEMPORARY CUSTODY ORDER in an in rem equity proceeding" (Dkt. No. 2).  For the reasons discussed below, Plaintiff's motion is DENIED.

---

[1] Arguably, Plaintiff's motion is not properly before the Court as Plaintiff failed to pay the filing fee and did not file an In Forma Pauperis application.  (*See* Dkt. No. 3.)

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2023, Plaintiff filed a motion for an "emergency temporary custody order." (Dkt. No. 1.) In his motion, Plaintiff asks the Court to declare him the sole custodian of his minor offspring until his youngest son reaches the age of 18. (*Id*.) Plaintiff further asks the Court to sever all parental rights of Mariya Loshkariova ("Loshkariova") and to order her to surrender the passports of Plaintiff's children and repay past child support. (*Id*.) Plaintiff also seeks an order ejecting Loshkariova from her home 90 days after his youngest child turns 18. (*Id*.) Plaintiff also seeks an order to have Gregory Lynn Ballew permanently enjoined from contacting any Reum family members for life. (*Id*.)

Plaintiff further asks the Court to order that: law enforcement agencies refrain from detaining him; the City of Gig Harbor and Kitsap County return his firearms; the U.S. State Department issue him a diplomatic passport; and all courts and law enforcement agencies remove him from their databases.[2] (*Id*.)

Considering the immediate relief requested, the Court considers Plaintiff's filings as a request for a temporary restraining order ("TRO").

## II. DISCUSSION

### A. Sovereign Citizen Arguments

While Plaintiff does not identify himself as a "sovereign citizen," his motion bears the hallmarks of the legal theory associated with that movement. So-called sovereign citizens

---

[2] Plaintiff filed a similar motion on September 26, 2022 in a different matter. *See Reum v. Reum et al*, Case No. 3:22-cv-05660-DGE, Dkt. No. 4 (W.D. Wash. 2022). On November 2, 2022, the Court issued an order dismissing Plaintiff's case without prejudice after he filed a notice of withdrawal. *Id*. at Dkt. No. 33.

believe that as "natural humans" (or sovereigns) they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).

Plaintiff's motion and accompanying affidavit repeatedly reference the Uniform Commercial Code ("UCC") and admiralty laws. *See United States v. Perkins*, 2013 WL 3820716, at *1–*2 (N.D. Ga. 2013) (noting sovereign citizens often file "lots of rambling, verbose" pleadings that, inter alia, "rely heavily on the Uniform Commercial Code" and admiralty laws). Plaintiff states that he is an "American State National" rather than a United States citizen, and appears to draws a distinction between his "flesh and blood" identity and his "artificial" UCC commercial identity. *See United States v. Alexio*, 2015 WL 4069160, at *3 (D. Hawaii July 2, 2015) (noting that sovereign citizens believe in a "somewhat mystical distinction between a 'person' and a 'human being'"); *see also, e.g., Trevino v. Florida*, 687 Fed. Appx. 861, 862 (11th Cir. 2017) (dismissing as frivolous sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being").

Plaintiff's filings typically contain his inked thumbprint and what appears to be a watermark featuring a seal of office. *Davis v. U.S. Small Business Administrative Office of Disaster Assistance*, 2021 WL 6274579 at *4 (N.D. Tex. Dec. 8, 2021) ("[M]ost exhibits that Davis signed contained either his inked thumbprint or his "Ambassador ... Corporate Seal."); *Garcia v. County of Bucks*, 2018 WL 3585086 at *2 n.2 (E.D. Pa. July 25, 2018) ("Plaintiff's preferred signature on court documents is a red thumbprint.").

Courts have uniformly rejected arguments based on sovereign citizen theories. *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejected arguments premised on the sovereign citizen ideology as "utterly meritless"); *United States v. Sterling*, 738 F.3d 228, 233,

n.1 (11th Cir. 2013) (noting courts "summarily reject[ ]" as frivolous the legal theory of individuals who consider themselves sovereign and not subject to the jurisdiction of the courts); *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity).

### B. Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order. To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). An ex parte TRO also will not issue without notice unless the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff's likelihood of success on the merits is low as Plaintiff's filing contains many statements and conclusions that are difficult to follow or understand.  To the extent Plaintiff's motion is based on "sovereign citizen" theories, it will not succeed for the reasons discussed above.  To the extent Plaintiff challenges state court judgments concerning child custody arrangements, the Court would likely not have jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine.  "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court."  *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court.  In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id*. at 1155.  Plaintiff has not cited a basis upon which the Court would have jurisdiction over his state court claims.

The Court further notes that Plaintiff has previously raised, in this Court and other federal district courts, arguments concerning the state court matters discussed above.  In December 2019, Plaintiff filed a complaint in this Court against the City of Gig Harbor alleging multiple claims arising from his arrest, prosecution, and sentence for driving under the influence of intoxicants.  *Reum v. Olbertz et al*, Case No. 3:19-cv-06177-RJB, Dkt. No. 1 (W.D. Wash. 2019).  Plaintiff's case was dismissed without prejudice in February 2020.  *Id*. at Dkt. No. 6.  In July 2022, Plaintiff filed a motion to re-open the case which was dismissed for failure to state a claim upon which relief could be granted.  In January 2021, Plaintiff filed a petition for a writ of mandamus challenging a plea agreement he signed (in which he apparently agreed to the

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 5

installation of an ignition interlock device on his car due to his DUI charge or conviction), and demanding the return of his firearms. *Reum v. Gig Harbor Municipal Court*, Case. No. 3:21-cv-05072 BHS-JRC, Dkt. No. 1 (W.D. Wash. 2021). Plaintiff's petition was dismissed with prejudice. *Id*. at Dkt. No. 12.

Plaintiff also filed a petition for a writ of mandamus in the United States District Court for the District of Montana. *Reum et al. v. Reum et al.*, 9:21-cv-00080-DWM, Dkt. No. 1 (D. Mont. 2021). In his petition and accompanying motions, Plaintiff raised many of the same state court claims that form the basis of his present motion. Plaintiff's petition was dismissed with prejudice. *Id*. at Dkt. No. 10.

To the extent Plaintiff's claims have already been considered by this Court and other district courts, ending with a final judgment on the merits, the principle of res judicata further reduces Plaintiff's likelihood of success on the merits. "Res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992).

### III.   ORDER

For the reasons discussed above, Plaintiff's motion for a temporary restraining order (Dkt. No. 1) is DENIED.

Dated this 3rd day of February, 2023.

David G. Estudillo
United States District Judge