UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS T. REUM, SR., | CASE NO. 3:23-cv-05074-DGE |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| STATE OF WASHINGTON et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Marcus T. Reum, Sr.'s "AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT UNDER RULE 55(a), WARRANT OF ARREST" (Dkt. No. 8.)  Plaintiff's motion is accompanied by supporting documentation, including a "PRAECIPE TO FILING" (Dkt. No. 11) and an "AFFADAVIT – LETTER ROGATORY – NOVATION" (Dkt. No. 12.)  Also before the Court is Plaintiff's Motion to Seal.  (Dkt. No. 9.)

For the reasons discussed below, Plaintiff's motions are DENIED.

ORDER ON MOTIONS - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2023, Plaintiff filed a motion for an "emergency temporary custody order." (Dkt. No. 1.)  Given the immediate nature of the relief requested, the Court construed Plaintiff's motion as a request for a temporary restraining order ("TRO").  The Court denied Plaintiff's motion, which made meritless arguments, challenged state court claims over which the Court likely would not have jurisdiction, and raised arguments concerning state court claims previously dismissed by this Court and other federal courts.  (Dkt. No. 5.)

On February 24, 2023, Plaintiff filed the present motion for default judgment.  (Dkt. No. 8.)  Plaintiff's motion is difficult to understand, asking the Court for a "Warrant of Arrest/Motion for Default" to "retrieve [Plaintiff's] firearms, copyright and rental fees, and to force all administrative courts in WASHINGTON STATE, Federal, County, City, State, et al to Cease and Desist prosecuting an American National in administrative courts that only apply to U.S. Citizens and/or those who have chosen to contract with DEFENDANTS." (*Id*. at 1–2.)  Plaintiff contends that Defendants "trespassed on rights and are now liable for Trespass by way of debt" and "for defaulting in all cases against" Plaintiff.  (*Id*. at 2–3.)

## II. DISCUSSION

**A. Motion for Default Judgment (Dkt. No. 8)**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  After entry of default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b).

The Federal Rules of Civil Procedure require that each defendant be served with a summons and the complaint.  Fed. R. Civ. P. 4(c)(1).  Under Federal Rule of Civil Procedure

ORDER ON MOTIONS - 2

12(a)(1)(A)(i), a defendant must generally serve an answer within 21 days after being served with the summons and complaint. Plaintiff's application to proceed *in forma pauperis* was granted on March 16, 2023. (Dkt. No. 15.) While Plaintiff has filed several motions in this case, along with other materials, he does not appear to have filed a complaint which can be served upon defendants.

The clerk cannot enter a default against any defendant until that defendant has been served with the summons and complaint, and the Court cannot consider a motion for default judgment until the clerk enters a default. Accordingly, Plaintiff's motion for default judgment is DENIED.

While presented as a motion for default judgment, Plaintiff's motion raises substantially the same arguments raised in his motion for a temporary restraining order. (*Compare* Dkt. No. 1 with Dkt No. 8.) The supporting materials submitted with Plaintiff's motion (Dkt. Nos. 10, 11, 12) appear to re-state many of the same arguments the Court previously rejected in denying Plaintiff's motion for a temporary restraining order.

The Court cautions Plaintiff that it may dismiss any complaint that contains similarly meritless contentions. A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal courts cannot entertain claims, otherwise within their jurisdiction, that are "so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (cleaned up). Courts may sua sponte dismiss a factually frivolous complaint at any time. *See, e.g., Decormier v. Nationstar Servicers, LLC*, 2020 WL 5989180, at *1-2 (E.D. Cal. Oct. 9, 2020) (compiling cases).

**B.   Motion to Seal (Dkt. No. 9.)**

Plaintiff has also filed a motion to seal. (Dkt. No. 9.) There is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).   To overcome this presumption, there must be a "compelling reason" for sealing that is "sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Plaintiff has not provided any reason for wanting to seal the records in this case. Accordingly, Plaintiff's motion to seal is DENIED.

### III.   ORDER

For the reasons stated above, Plaintiff's motion for default judgment (Dkt. No. 8) is DENIED.  Plaintiff's motion to seal (Dkt. No. 9) is DENIED.

Dated this 10th day of April, 2023.

David G. Estudillo
United States District Judge

ORDER ON MOTIONS - 4